**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| FRANCES M. MARAVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Frances M. Maravich brings this action to secure redress against unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.... It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367, and 15 U.S.C. §1692k.

5. Venue and personal jurisdiction over defendants in this District is proper because defendant's collection communications were received here.

## PARTIES

6. Plaintiff Frances M. Maravich is an individual who resides in Loves Park, Illinois, in the Northern District of Illinois.

7. Defendant NCO Financial Systems, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. It also maintains offices at 4601 Sauk Trail, Richton Park, IL 60471-1473.

8. Defendant NCO Financial Systems, Inc. operates a collection agency.

9. Defendant NCO Financial Systems, Inc. is a "debt collector" as defined in the FDCPA.

## FACTS

10. In 2003, NCO Financial Systems, Inc., sued plaintiff Frances M. Maravich in Illinois state court to collect a Discover card debt allegedly incurred for personal, family or household purposes.

11. NCO obtained a judgment on September 16, 2003.

12. The judgment was satisfied on or before June 15, 2007, when a satisfaction was issued by NCO's counsel. (Exhibit A)

13. As of June 15, 2007, all obligations which Frances M. Maravich had on the Discover card account were at an end.

14. Notwithstanding this fact, defendant has engaged in incessant and repeated harassment of plaintiff in an effort to collect the satisfied debt, which have continued

during the year next before the filing of this action.

15. Attached as <u>Exhibits B-F</u> are collection demands which NCO or a collection agency acting on behalf of NCO sent to plaintiff during the year next before the filing of this action.

16. Plaintiff has also received numerous telephone calls from NCO or its agents seeking payment of the debt the year next before the filing of this action.

17. Furthermore, the collection letters sent by NCO in its own right (<u>Exhibits E & F</u>) show a "purchased balance" of $743.84 for the alleged debt. <u>Exhibit E</u>, sent on or about February 13, 2010 claims that the "total balance" on the debt was $921.01; <u>Exhibit F</u>, sent on or about April 3, 2010, claims that the "total balance" was $929.99.

18. The collection letters sent by Northland Group, Inc. on the behalf of NCO, on the same alleged debt, sent on or about November 28, 2009, January 11, 2010, and February 11, 2010, each show a balance due of $3,751.70. (<u>Exhibits B-D</u>.)

19. The reason why the amount of the claimed debt would decrease from the amount stated on the letters sent by Northland Group., Inc., to the amount stated on the letters sent by NCO, is not explained, and inherently confusing.

20. In particular, the letter that was sent by Northland Group, Inc. on February 11, 2010, seeking payment of a balance of $3,751.70 (with a settlement offer of 60% of that total), was followed by a letter sent by NCO on its own behalf, on February 13, 2010 seeking payment on a balance of $921.01 (with a settlement offer of 50% of that total).

21. Plaintiff suffered harassment, aggravation and distress as a result of defendant's illegal debt collection activities.

### COUNT I – FDCPA

22. Plaintiff incorporates paragraphs 1-21.

23. The continued collection efforts upon a satisfied debt, by NCO, violate 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10).

24. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

    **(2) The false representation of –**

        **(A) the character, amount, or legal status of any debt....**

    **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken....**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

25. Given the discrepancies between the collection letters sent by NCO and those sent by Northland Group, Inc., the letters sent by NCO contained false, deceptive or misleading representations about the debt, contrary to 15 U.S.C. §1692e.

26. NCO's tactics, as a whole, violated 15 U.S.C. §1692f, which bars the use of "unfair or unconscionable means to collect or attempt to collect any debt."

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    (1) Statutory damages;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit; and

    (4) Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

27. Plaintiff incorporates paragraphs 1-21.

28. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.*

29. Defendant violated the following provisions of 225 ILCS 425/9:

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not**

   **exist....**

   **(26) Misrepresenting the amount of the claim or debt alleged to be owed...**

  30. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

  31. Plaintiff was damaged as a result.

  32. Defendant knew that it had a judgment against plaintiff and that the judgment had been satisfied, but recklessly, wantonly and maliciously continued efforts to collect money from plaintiff, by unfair and false means.

  WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

   (1) Compensatory and punitive damages;

   (2) Costs; and

   (3) Such other and further relief as is appropriate.

           <u>s/ Daniel A. Edelman</u>
           Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

  Plaintiff demands trial by jury.

           <u>s/ Daniel A. Edelman</u>
           Daniel A. Edelman

5

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\24394\Pleading\Complaint_Pleading.WPD